UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

PHILLIP GLENFIELD JACK, a/k/a
William Jack,
               *Defendant-Appellant.*

No. 02-4155

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-01-398-A)

Submitted: July 31, 2002

Decided: September 6, 2002

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

John Cady Kiyonaga, KIYONAGA & KIYONAGA, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Joan Hogan, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Phillip Glenfield Jack appeals his conviction following a bench trial of unlawful re-entry into the United States following deportation in violation of 8 U.S.C. § 1326(a) (2000), and his sentence to forty-six months in prison and three years of supervised release. We affirm Jack's conviction and sentence.

Jack was charged in a one-count indictment with being an alien who had been deported from the United States subsequent to a conviction for the commission of an aggravated felony without obtaining express consent of the Attorney General in violation of 8 U.S.C. § 1326(a), (b)(2). The indictment in which Jack was charged mischaracterized a September 1995 conviction as an aggravated felony. Jack concedes, however, that he had a 1999 conviction that met the definition of an aggravated felony. The district court found Jack guilty of unlawful re-entry in violation of 8 U.S.C. § 1326(a). The Government gave Jack notice it would seek an enhanced sentence under § 1326(b). At sentencing, the district court sentenced Jack to forty-six months in prison using the sentencing enhancement in § 1326(b)(1).

Jack argues his sentence exceeded the statutory maximum under 8 U.S.C. § 1326 in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Section 1326 provides a two-year maximum sentence for any alien who illegally enters the United States after having been deported. 8 U.S.C. § 1326(a)(1). If the removal was subsequent to a conviction for the commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony other than an aggravated felony, the maximum sentence is ten years. § 1326(b)(1). If the removal was subsequent to a conviction for the commission of an aggravated felony, the maximum is twenty years. § 1326(b)(2). In *Almendarez-Torres v. United States*, 523 U.S. 224,

235 (1998), the Supreme Court held that § 1326(b) is a sentencing factor rather than a separate offense. We have expressly determined that the holding in *Almendarez-Torres* was not overruled by *Apprendi*. *United States v. Sterling*, 283 F.3d 216, 220 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002). Accordingly, the Government was not required to charge the fact of Jack's prior conviction in the indictment or prove it beyond a reasonable doubt. The district court properly concluded the mischaracterization of Jack's September 1995 conviction was not material to the crime with which he was charged and properly sentenced him under § 1326(b)(1). We therefore affirm Jack's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*